UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| TRAVIS COLEY, | } | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | |
| | } | 14 CV 3325 AKH |
| STEPHEN EINSTEIN | } | |
| & ASSOCIATES, P.C., and | } | |
| CREDIT ACCEPTANCE CORPORATION, | } | |
| | } | |
| Defendants. | } | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Travis Coley, complains of Defendant Stephen Einstein & Associates, P.C. [hereinafter "Einstein"] and Credit Acceptance Corporation [hereinafter "CAC"] and shows the court the following:

1. This court has jurisdiction of this case pursuant to (1) section 1692k(d) of the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692k(d), and 28 USCS § 1332 (a) (1).

2. Venue in this district is proper based on the location of Plaintiff and Defendant's residence in this district; Defendants' regular transaction of business within this district; and Defendants having derived substantial revenue from services rendered in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Travis Coley is a natural person who currently resides at 2767 Mt. Read Blvd.,

1

Rochester, NY 14616.

6. Travis Coley is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. Einstein is a professional corporation with a principal place of business located at 20 Vesey Street, Ste. 1406, New York, NY 10007.

8. The principal purpose of Einstein is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

9. Einstein is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

10. Credit Acceptance Corporation ("CAC") is a New York foreign business corporation with a principal place of business at 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034.

11. The principal purpose of CAC is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. CAC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

13. At all times set forth below, Einstein was acting as an authorized agent of CAC.

14. The alleged debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Einstein brought a lawsuit against Travis Coley on behalf of Credit Acceptance Corp. in an attempt to collect a consumer credit card debt allegedly owed by RM. Einstein

brought this suit in the Supreme Court of the State of New York, County of Monroe under Index No. 10967/13.

16. On or about February 6, 2014, Einstein became aware and acknowledged through written, electronic and/or telephonic communications that Graham & Borgese was representing Travis Coley as his attorney in the above action.

17. Graham & Borgese's representation of Travis Coley as his attorney in the above action never ceased and continues through the present time.

18. As a result of written, electronic and/or telephonic communications between Einstein and Graham & Borgese culminating in an email exchange coming to terms on the settlement of the above action, Einstein was aware of this continued representation.

19. Despite Einstein's knowledge of this continued representation and without any consent to communicate directly with Travis Coley, Einstein mailed the agreed upon stipulation of settlement along with a cover letter directly to Travis Coley.  The cover letter misrepresented that Travis Coley's provision of his employer's information on the stipulation he returned to Einstein was a condition, agreed upon or otherwise, for Einstein's client agreeing to the terms set forth in the stipulation.

20. On or about March 14, 2014 but before March 27, 2014, Graham & Borgese returned the stipulation signed by Travis Coley back to Einstein.  On or after March 27, 2014, a female employee of Einstein who at all times was acting within the scope of her employment and under the supervision and direction of Einstein called and left a message for Travis Coley at his place of employment.  Travis Coley later called back the woman who told him that the date each month for the payment of the monthly settlement amount had to be changed.  She told him this despite the date being set in the fully

3

executed and delivered stipulation of settlement and despite Einstein having an authorization from Travis Coley to charge his credit card on the date each month set forth in the above stipulation.

## FIRST CAUSE OF ACTION

21. Travis Coley repeats and re-alleges the allegations contained in the above paragraphs 1-20.

22. Einstein violated 15 USC § 1692c (a) (2) by communicating with Travis Coley when it knew Travis Coley was represented by an attorney without any consent to communicate directly with Travis Coley.

23. As a result of Einstein communicating directly with Travis Coley without consent when Travis Coley was represented by an attorney, Einstein attempting to go directly to Travis Coley to change an agreed upon term in a settlement agreement, and Einstein misrepresenting that Travis Coley's provision of his employer's information on the stipulation he returned to Einstein was a condition, agreed upon or otherwise, for Einstein's client agreeing to the terms set forth in the stipulation, Travis Coley became angered, frustrated, harassed and confused.

24. Einstein sending a stipulation of settlement directly to Travis Coley without consent when Travis Coley was represented by an attorney with Einstein's knowledge of this representation, Einstein misrepresenting directly to Travis Coley that there needed to be a change an agreed upon term in a settlement agreement, and misrepresenting that Travis Coley's provision of his employer's information on the stipulation he returned to Einstein was a condition, agreed upon or otherwise, for Einstein's client agreeing to the terms set forth in the stipulation amounted to false representations or deceptive means to

collect or attempt to collect a debt in violation of 15 USC § 1692e and 15 USC § 1692e(10).

## SECOND CAUSE OF ACTION

25. Travis Coley repeats and re-alleges paragraphs 1-24 of this Complaint.

26. Travis Coley is a consumer.

27. The actions, misrepresentations and violations of the FDCPA set forth above were directed at Travis Coley, and therefore are consumer oriented.

28. Defendants regularly attempt to collect debts from tens of thousands of consumers. Upon information and belief, the same or similar actions, misrepresentations and violations of the FDCPA set forth above were directed at many consumers as part of regular practice of Defendants.  For this additional reason, the actions, misrepresentations and violations of the FDCPA set forth above are consumer oriented.

29. The aforementioned action and misrepresentations were deceptive or misleading both in their own right and as a result of their violation of the FDCPA.

30. Travis Coley suffered injuries as a result of the deceptive or misleading acts including but not limited to the aforementioned violations of his rights under the FDCPA along with severe emotional distress.

31. In light of the facts set forth in paragraphs 31-36, each of the actions, misrepresentations and violations of the FDCPA set forth above constitute a violation of General Business Law 349 by Defendants.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

1. Statutory damages of $1,000;

5

2. Actual damages incurred by Travis Coley in the amount of $50,000 as a result of the anger, frustration, harassment, emotional distress and confused caused by Defendants' aforementioned violations;

3. The costs and attorney's fees incurred by Travis Coley in regard to this action;

4. Statutory damages and actual damages incurred by Travis Coley in the amount of $50,000 for each of the violations of General Business Law 349 along with costs and attorney's fees incurred by Travis Coley; and

5. Any and all other relief deemed just and warranted by this court.

Dated:        April 20, 2014


/s/_____
Mitchell L. Pashkin (MP 9016)
Attorney For Plaintiff
25 Harriet Lane
Huntington, NY  11743
(631) 335-1107

CIVIL ACTION NO. 14 CV 3325 AKH

---

TRAVIS COLEY,

                      Plaintiffs,

    -v-

STEPHEN EINSTEIN
& ASSOCIATES, P.C. and
CREDIT ACCEPTANCE CORPORATION,

                      Defendants.

---

**COMPLAINT**

---

        Mitchell L. Pashkin
        Attorney For Plaintiff
        25 Harriet Lane
        Huntington, NY  11743
        (631) 335-1107